**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELLY HERNANDEZ SILVA; et al., | No. 08-73241 |
| Petitioners, | Agency Nos. A095-302-146 |
| | A095-302-147 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

Nelly Hernandez Silva and Alex Barcia Ramirez, natives and citizens of

Mexico, petition pro se for review of the decision of the Board of Immigration

Appeals denying their motion to reopen the underlying denial of their application

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for cancellation of removal based on their failure to establish the requisite hardship to their qualifying relatives.

Petitioners contend that the BIA erred in denying their motion to reopen because they are entitled to relief under the Convention Against Torture ("CAT") based on changed country conditions in Mexico, and because they presented sufficient new evidence of hardship to support their claim for cancellation.

The evidence of hardship arising from the male petitioner's diabetes and the United States citizen child's education difficulties concerned the same basic hardship ground as their initial application for cancellation of removal. We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir. 2006). To the extent that petitioners allege that conditions in Mexico constitute extreme hardship, the BIA did not abuse its discretion in denying reopening based on its conclusion that the petitioners did not show that similar evidence was previously unavailable. *See* 8 C.F.R. § 1003.2(c); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008). In addition, petitioners have failed to establish a basis for reopening due to their failure to provide sufficient evidence that changed country conditions in Mexico

establish a prima facie case for CAT relief.  *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**